S877M-00019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

A.S., BY HER NEXT FRIEND
AND MOTHER, JANIELE REID,
and, JANIELE REID, individually,

    Plaintiffs,

v.

SHELBY COUNTY BOARD OF EDUCATION,
and, GREG MCCULLOUGH,
in his individual and official capacities,

    Defendants.

Case No.: 2:19-cv-02056-JTF

JURY DEMANDED

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

---

Defendants, Shelby County Board of Education and Greg McCullough (collectively, "Defendants"), by and through undersigned counsel, provide their Answer to Plaintiff's Complaint for Damages and Injunctive Relief ("the Complaint") as follows:

### NATURE OF THE ACTION

1.    Defendants deny that Plaintiffs are entitled to relief under any of the laws cited in Paragraph 1 of the Complaint.

### PARTIES

2.    Defendants admit the averments set forth in Paragraph 2 of the Complaint.

3.    Defendants admit the averments set forth in Paragraph 3 of the Complaint.

4.    Defendants admit the averments set forth in Paragraph 4 of the Complaint.

5.    Defendants admit the averments set forth in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Defendants deny that this Court has jurisdiction over this action under 42 U.S.C. § 1983, pursuant to the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 32). Defendants admit the remaining averments set forth in Paragraph 6.

7. Defendants admit that venue is proper with this Court, and that Defendant Shelby County Board of Education ("SCBE") is a government entity doing business in this judicial district within the meaning of 28 U.S.C. § 1391(c). Defendants deny the remaining allegations set forth in Paragraph 7 as stated.

8. The averments set forth in Paragraph 8 are not directed at these Defendants, and therefore no response is required. The averments set out in Paragraph 8 are nothing more than Plaintiff's isolated quotes from the various cited cases.

**FACTUAL HISTORY**

9. Defendants admit that Plaintiff A.S. is currently enrolled at Central High School.

10. Defendants are without knowledge or information sufficient to admit or deny the averments set forth in Paragraph 10 of the Complaint. Therefore, these averments are denied.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of all averments set forth in Paragraph 11 of the Complaint. Therefore, these averments are denied, except these Defendants admit that Plaintiff A.S.'s mobility is impaired.

12. Defendants admit the averments set forth in Paragraph 12 of the Complaint.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 13 of the Complaint. Therefore, these averments are denied.

14. Defendants are without sufficient knowledge or information to form a belief as to

the truth of the averments set forth in Paragraph 14 of the Complaint. Therefore, these averments are denied.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 15 of the Complaint. Therefore, these averments are denied.

16. Defendants admit that Plaintiff A.S. utilizes "Audio/Video devices" during class sessions at Central High School. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments as stated in Paragraph 16. Therefore, these remaining averments are denied.

17. Defendants admit that Plaintiff A.S. receives a yearly Individualized Education Plan ("IEP") to facilitate her Free and Appropriate Public Education ("FAPE"). Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 17 of the Complaint. Therefore, these averments are denied.

18. Defendants deny the allegations as stated in Paragraph 18 of the Complaint.

19. Defendants deny the allegations as stated in Paragraph 19 of the Complaint.

20. Defendants admit that during the 2015-2016 school year, Plaintiff A.S. was an 8th grade student at Snowden Elementary School, and that Plaintiff A.S. was provided an IEP. Defendants deny the remaining allegations as stated in Paragraph 20 of the Complaint.

21. Defendants deny the allegations as stated in Paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 22 of the Complaint. Therefore, these averments are denied.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 24 of the Complaint. Therefore, these averments are denied.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 25 of the Complaint. Therefore, these averments are denied.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 26 of the Complaint. Therefore, these averments are denied.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 27 of the Complaint. Therefore, these averments are denied.

28. Defendants admit that Plaintiffs produced a report from the United States Department of Education Office for Civil Rights as an exhibit to their Complaint, but Plaintiff's synopsis of the report is incomplete and inaccurate as stated, and is therefore denied.

29. Defendants admit the averments set forth in Paragraph 29 of the Complaint.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the statement "Plaintiff A.S. learned that a majority of external building doors that provided access for handicapped individuals would routinely remain locked during school hours," and therefore denies these allegations. The remaining allegations set forth in Paragraph 30 of the Complaint are denied as stated.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants admit that Defendant McCullough provided Plaintiff Reid with his

personal cell phone number in the event of emergencies. The remaining averments set forth in Paragraph 32 of the Complaint are denied as stated.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 34 of the Complaint. Therefore, these averments are denied.

35. Defendants deny the allegations as stated in Paragraph 35 of the Complaint.

36. Defendants deny the allegations as stated in Paragraph 36 of the Complaint.

37. Defendants deny the allegations as stated in Paragraph 37 of the Complaint.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 38 of the Complaint. Therefore, these averments are denied.

39. Defendants deny the allegations as stated in Paragraph 39 of the Complaint.

40. Defendants deny the allegations as stated in Paragraph 40 of the Complaint.

41. Defendants deny the allegations as stated in Paragraph 41 of the Complaint.

42. Defendants deny the allegations as stated in Paragraph 42 of the Complaint.

43. Defendants deny the allegations as stated in Paragraph 43 of the Complaint.

44. Defendants deny the allegations as stated in Paragraph 44 of the Complaint.

45. Defendants deny the allegations as stated in Paragraph 45 of the Complaint.

46. Defendants deny the allegations as stated in Paragraph 46 of the Complaint.

47. Defendants deny the allegations as stated in Paragraph 47 of the Complaint.

48. Defendants deny the allegations as stated in Paragraph 48 of the Complaint.

49. Defendants deny the allegations as stated in Paragraph 49 of the Complaint.

50. Defendants deny the allegations as stated in Paragraph 50 of the Complaint.

51. Defendants deny the allegations as stated in Paragraph 51 of the Complaint.

52. Defendants admit that efforts were made to voluntarily resolve the greivances raised in Plaintiff Reid's second OCR complaint. The remaining allegations set forth in Paragraph 52 of the Complaint are denied.

53. Defendants admit that there is an OCR letter to Plaintiff Reid dated August 30, 2018, but Plaintiff's synopsis of the letter is incorrect and incomplete, and is therefore denied.

54. Defendants deny the allegations as stated in Paragraph 54 of the Complaint.

55. Defendants deny the allegations as stated in Paragraph 55 of the Complaint.

56. Defendants deny the allegations as stated in Paragraph 56 of the Complaint.

57. Defendants deny the allegations as stated in Paragraph 57 of the Complaint.

58. Defendants deny the allegations as stated in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint, and specifically deny the allegations in each subparagraph listed as "a" through "j" set forth therein.

**COUNT ONE**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANT SCS**

60. Defendants incorporate by reference each and every response to Paragraphs 1–59 of the Complaint as if fully set forth herein.

61. Admitted.

62. Admitted.

63. Defendants deny the averments as stated in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

## COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT SCS

66. Defendants incorporate by reference each and every response to Paragraphs 1–65 of the Complaint as if fully set forth herein.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

## COUNT THREE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1983 AGAINST DEFENDANT SCS AND DEFENDANT MCCULLOUGH

### DEFENDANTS' FIRST MOTION TO STRIKE

The claims set forth in Paragraphs 75–82 of the Complaint seek relief under 42 U.S.C. § 1983. Pursuant to this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 32), each of the claims set forth in Paragraphs 75–82 of the Complaint have been dismissed from this cause, and therefore, should be stricken from the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## COUNT FOUR
### PLAINTIFF A.S.'S CLAIM OF RETALIATION FOR REPORTING VIOLATIONS OF THE REHABILITATION ACT AND AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT SCS

83. Defendants incorporate by reference each and every foregoing response to Paragraphs 1–82 of the Complaint as if fully set forth herein.

84. Defendants deny the allegations as stated in Paragraph 84 of the Complaint.

85. Defendants deny the allegations as stated in Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

## COUNT FIVE
### PLAINTIFF REID'S CLAIM OF RETALIATION FOR REPORTING VIOLATIONS OF THE REHABILITATION ACT AND AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT SCS

89. Defendants incorporate by reference each and every foregoing response to Paragraphs 1–88 of the Complaint as if fully set forth herein.

90. Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94. Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

Defendants deny that Plaintiffs are entitled to any damages whatsoever for any of the alleged injures described in Paragraphs "A" through "G" of the Complaint.

Defendants join in Plaintiff's demand for a jury trial.

All allegations set forth in Plaintiff's Complaint not hereinabove expressly admitted, explained, or denied are hereby specifically denied by these Defendants.

## AFFIRMATIVE DEFENSES

Defendants hereby specifically assert the following affirmative defenses:

1. Defendants specifically aver that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and is therefore subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendants deny that they are liable to the Plaintiffs under any theory of law for any amount sued for or demanded by Plaintiffs, for the costs of this cause, or for any other amount.

3. To the extent the facts as developed indicate that exhaustion of administrative remedies is required with respect to Plaintiffs' remaining claims for relief under Section 504 of the Rehabilitation Act and Title II of the ADA, Defendants demand that exhaustion be required and that these remaining claims be dismissed.

4. Plaintiff's claims against Defendant McCullough, "in his individual and official capacit[y]," are without merit and should be dismissed. To the extent that Plaintiffs allege that Defendant McCullough acted intentionally, Defendants aver that there is no respondeat superior liability for intentional torts. Defendant McCullough cannot be held independently liable for any of the acts alleged in Plaintiff's Complaint.

5. Defendants assert that, to the extent this suit seeks recovery for any alleged tort committed by these Defendants, such claims are barred by the immunity provided by the

Tennessee Governmental Tort Liability Act. Specifically, Tennessee Code Annotated Section 29-20-205(2) of the Tennessee Governmental Tort Liability Act provides immunity against a governmental entity for the negligence, deprivation of civil rights, and infliction of emotional distress claims that Plaintiffs in this case have brought against Defendant SCBE.

6. Plaintiff Reid's individual claim of retaliation set forth in Count V of the Complaint should be dismissed with prejudice, as this claim is time-barred by the statute of limitations. Plaintiff Reid claims that "[b]etween November 4, 2015 and November 7, 2015," SCBE retaliated against her for reporting violations of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). (ECF No. 1, p. 6, ¶ 23). The Sixth Circuit has held that these Acts have a similar scope and aim; for purposes of retaliation analysis, cases construing either Act are generally applicable to both. *Andrews v. Ohio*, 104 F.3d 803, 807 (6th Cir. 1997); *accord Burns v. City of Columbus*, 91 F.3d 836, 842 (6th Cir. 1996). "Because there is no statute of limitations under the ADA, courts must borrow a statute of limitations from the most analogous state cause of action." *McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012). The same statute of limitations will apply to claims under Title II of the ADA and Section 504 of the Rehabilitation Act. *Id.* at 664. Federal courts in Tennessee have concluded that the "most analogous" state law is Tennessee's personal injury statute of limitations for filing a civil rights case, which is one year. *See I.L. v. Knox Cty. Bd. of Educ.*, 257 F. Supp. 3d 946, 964 (E.D. Tenn. 2017); *Messner v. Hickman Cty.*, No. 1:11-cv-0059, 2013 U.S. Dist. LEXIS 81768, at *8 (M.D. Tenn. June 11, 2013); *Marks v. State Admin. Office of the Courts*, No. 3:06-cv-01208, 2013 U.S. Dist. LEXIS 14990, at *25 (M.D. Tenn. Feb. 1, 2013); *Hedgepeth v. Tennessee*, 33 F. Supp. 2d 668, 678 (W.D. Tenn. 1998). Therefore, Plaintiff Reid's claim for retaliation is barred by the one-year statute of limitations, and should be dismissed with prejudice.

7. Plaintiff has presented no evidence demonstrating that discriminatory animus against Plaintiff A.S.'s disability was a but-for cause, much less the sole cause, of Defendants' alleged conduct. Such evidence is required in order to recover under Section 504 of the Rehabilitation Act and Title II of the ADA. "Discrimination occurs because of a plaintiff's disability when there is sufficiently significant evidence that animus toward the disabled motivated the protested behavior." *Marble v. Tennessee*, No. 3:15-cv-00508, 2018 U.S. Dist. LEXIS 96084, at *17 (M.D. Tenn. June 7, 2018) (citations omitted) (quoting G*ohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016). Plaintiffs have not, and indeed, cannot, demonstrate that the alleged acts of these Defendants were motivated by discriminatory animus against Plaintiff A.S. due to her disability. Therefore, Plaintiffs' claims for relief under Section 504 of the Rehabilitation Act and Title II of the ADA must be dismissed.

8. Defendants submit Plaintiffs' Complaint fails to comply with the general pleading standards set forth under Rules 8(a)(2) and 8(d)(1) of the Federal Rules of Civil Procedure, and accordingly, fails to state a claim. A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "[e]ach allegation [within the complaint] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In contrast to this standard, Paragraphs 8, 19, 23, 25, 26, 27, 34, 35, 36, 37, 39, 45, 57, and 59 of Plaintiffs' Complaint set forth verbose, conclusory assertions of purported fact, rather than simple, concise, and direct allegations as required by Rule 8. Many of these paragraphs contain only extended narratives which are at times redundant, immaterial, impertinent, and, on the whole, unnecessary. Accordingly, Defendants object to these portions of the Complaint and, pursuant to Fed. R. Civ. P. 12(f), move this Court to strike these Paragraphs as containing immaterial and impertinent matters.

9. These Plaintiffs are not entitled to punitive damages on any claim asserted in the Complaint. With this Court's dismissal of Plaintiffs' claims under 42 U.S.C. § 1983, the only claims which remain in this cause are Plaintiffs' direct claims under Section 504 of the Rehabilitation Act, and Title II of the ADA, along with Plaintiff A.S. and Reid's respective retaliation claims asserted under the aforementioned statutes. Punitive damages are not available to parties seeking relief under Section 504 of the Rehabilitation Act or Title II of the ADA. *Barnes v. Gorman*, 536 US 181, 189-90 (2002). Therefore, Plaintiffs are not entitled to punitive damages on any claim asserted in their Complaint, and their demand for punitive damages should be stricken from the Complaint.

10. Defendants submit that Plaintiffs are not entitled to pre or post-judgment interest, as Plaintiffs' have not made a claim for liquidated damages, and no legal basis exists for recovery of such an award for the harm alleged in this case.

11. Defendants rely upon the doctrines of estoppel, laches and waiver to the extent applicable to the facts of this cause.

12. Defendants also assert the affirmative defense of comparative fault. Plaintiffs' acts were the sole cause or a contributing cause of any alleged injury amounting to damages they incurred.

13. Defendants deny that any discretionary award of attorney fees would be appropriate or available to Plaintiffs.

14. Any allegations of the Complaint not admitted, denied, or explained are now denied as if specifically denied.

Defendants deny that they are liable to the Plaintiffs in any amount and pray to be dismissed with costs, including discretionary costs and attorney's fees, to be paid by the Plaintiffs.

Respectfully submitted,

LEWIS THOMASON

s/Cheryl Rumage Estes
Chery Rumage Estes   (10099)
Patrick S. Quinn         (35293)
40 South Main Street, Suite 2900
Memphis, TN  38103-5529
T: (901) 525-8721
F: (901) 525-6722
cestes@lewisthomason.com
pquinn@lewisthomason.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing electronically filed document was served upon all counsel of record via the Court's CM/ECF filing system on today's date.

s/Cheryl Rumage Estes
Cheryl Rumage Estes

9107052