IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**A.S., by her next friend and mother,**
**JANIELE REID, and JANIELE REID,**
**individually,**

                           **Plaintiff,**

**v.**                                         Case 2:19-cv-02056-JTF-cgc

**SHELBY COUNTY BOARD OF**
**EDUCATION and GREG McCULLOUGH,**
**in his individual and official capacities,**

                           **Defendants.**

---

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF JANIELE REID'S INDIVIDUAL RETALIATION CLAIM**

---

Before the Court is Defendants' Motion for Judgment on the Pleadings as to Plaintiff Janiele Reid's Individual Retaliation Claim (Docket Entries (D.E.) #37, #38). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #39). For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion be GRANTED.

**I.    Introduction**

    *a. State Court Complaint*

On November 14, 2016, Plaintiff Janiele Reid, individually and on behalf of A.S., filed an amended complaint[1] in Tennessee state court under the Government Tort Liability Act, Tennessee Code

---

[1] It is unclear when Plaintiff filed her initial state-court complaint, as it is not part of the record; however, Defendants assert that it was during November 2016, and Plaintiff does not dispute that date. (Def.'s Memo. in Support of Motion for Judgment on the Pleadings at 1).

Annotated Section 29-20-201, *et seq.* ("GTLA"), against Defendants "Shelby County School District" and Jamie Stallsmith. (D.E. #38). Plaintiff alleged that Defendants were liable for negligence, gross negligence, retaliation, and intentional infliction of emotional distress under the GTLA. (Pl.'s State Court Am. Compl. ¶ 24, filed at D.E. #38-1)

Specifically, Plaintiff's state-court pleading alleged that A.S. has severe medical disabilities that render her disabled and that she requires certain accommodations during the school day. (*Id.* ¶ 11). Plaintiff alleged that, from December 2014 until Spring 2016, there have been ongoing disputes about Defendants failing to provide these accommodations. (*Id.* ¶¶ 12-23). Plaintiff avers that, in late October or early November 2015, as she continued to seek appropriate accommodations for A.S. at school, Defendants reported her to the Department of Children's Services "for some form of abuse, neglect and exposure to drugs." (*Id.* ¶ 20). Plaintiff alleged that this constituted retaliation for demanding the Defendants to provide for the accommodations. (*Id.*) On December 5, 2018, Defendants aver that Plaintiff non-suited the state court case. (Def.'s Mot. for Judgment on the Pleadings at 1).

### b. *Federal Court Complaint*

On January 22, 2019, Plaintiff Janiele Reid, individually and on behalf of A.S., filed a Complaint against the Shelby County Board of Education and Greg McCullough alleging, *inter alia*, retaliation against Plaintiff Reid in violation of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 ("Rehabilitation Act"), and the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.* ("ADA"). (D.E. #1). In her federal Complaint, Plaintiff continues to allege that A.S. has extensive medical conditions that require accommodations in the school environment and that Defendants have failed to provide them. (Compl. ¶¶ 10-17). Plaintiff alleges that, on February 17, 2015, she engaged in protected activity when she complained about a host of issues regarding A.S.'s care and the school's

resistance to her complaints. (*Id.* ¶ 19). Plaintiff alleges that, proceeding into the 2015-2016 school year, the school continued to fail to accommodate A.S. (*Id.* ¶¶ 20-21). Plaintiff alleges that she again complained about the lack of these accommodations in November 2015. (*Id.* ¶ 22). Plaintiff asserts that, between November 4, 2015 and November 7, 2015, the school retaliated against her by reporting her to the Department of Children's Services for child neglect. (*Id.* ¶ 23). Plaintiff alleges that the failure to accommodate continued into April 2016 and into the 2016-2017, 2017-2018, and 2018-2019 school years. (*Id.* ¶¶ 25-27, 30-58). Plaintiff asserts that A.S. also suffered retaliation by school officials on April 5, 2017, in October 2017, and in November 2018. (*Id.* ¶¶ 39-40, 42, 47, 52, 57).

Count Five of the Complaint contains Plaintiff Reid's individual-retaliation claims under the Rehabilitation Act and ADA that are at issue in the instant motion. (*Id.* ¶¶ 89-94). Count Five states as follows: "Plaintiff Reid engaged in a protected activity by reporting discriminatory conduct to Defendant SCS and its agents"; "Defendant SCS was aware that Plaintiff Reid had engaged in protect[ed] activity"; "[t]hereafter Plaintiff Reid suffered retaliatory conduct"; and, "[t]here is a direct causal connection between Plaintiff Reid's complaints about discriminatory conduct against Plaintiff A.S. and the further discriminatory conduct both Plaintiffs A.S. and Reid suffered."

## II.     Proposed Analysis

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings may be granted when "'all well-pleaded material allegations of the pleadings of the opposing party [are] taken as true, and . . . the moving party is nevertheless clearly entitled to judgment." *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d. 274, 279 (6th Cir. 2009) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

"There must be no material issue of fact that could prevent judgment for the moving party." *Monroe Retail*, 589 F.3d at 279 (citing *JPMorgan*, 510 F.3d at 582).

Defendants' first argument rests on the theory that Plaintiff has essentially re-filed her GTLA claim in this Court—by redrafting it under the Retaliation Act and the ADA—and that such claims are time-barred. Defendants assert that Plaintiff became aware of the events giving rise to the state-court allegations during the period from October 2015 until Spring 2016. It is undisputed that Plaintiff filed her state-court amended complaint in November 2016. GTLA claims generally "must be commenced within twelve (12) months after the cause of action arises." *See* Tenn. Code Ann. § 29-20-305(b); *Harper v. Bradley Cty.*, 464 S.W.3d 615, 618 (Tenn. Ct. App. 2014).

Although it is not disputed that Plaintiff timely filed her initial state-court pleading,[2] Plaintiff then non-suited the case in December 2018; thus, any subsequent re-filing of the claim would require the application of the Tennessee savings statute, which provides as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year . . . .

Tenn. Code Ann. § 28-1-105(a). However, as Defendants correctly note, the Tennessee savings statute does not apply to extend the time for bringing claims under the GTLA. *See Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001) (citing cases).

Thus, Defendants argue that Plaintiff is merely attempting to re-file her time-barred GTLA claim under federal law because it arises out of "an identical set of operative facts as her previous retaliation claim brought under the GTLA in the state court action." Although it is true that some, but not all, of the allegations in the federal Complaint were previously raised in state court, Defendants have failed to

---

[2] Although certain events in the state-court pleading, specifically those in October 2015, appear to have happened more than twelve months before the date it was filed, the parties do not raise any argument as to the timeliness of the original state pleading.

4

provide any authority that Plaintiff's claims under federal statutes should be construed as a re-filing of her previous action under state statutes.  Thus, it is RECOMMENDED that the mere fact that the savings statute would not permit re-filing a GTLA claim does not resolve the question here of whether the Rehabilitation Act and ADA claims are time-barred.

Defendants address this question with their alternative argument, which is that a one-year statute of limitations also applies to Rehabilitation Act and ADA claims and that Plaintiff failed to file his federal Complaint under these statutes "until four (4) years after the alleged retaliatory events occurred." The Rehabilitation Act and the ADA do not contain their own statutes of limitation; thus, federal courts borrow a statute of limitations from the most analogous state cause of action.  *McCormick v. Miami Univ.*, 693 F.3d 654, 662-63 (6th Cir. 2012) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)).  Tennessee's one-year statute of limitations for civil-rights actions, which is contained in Tennessee Code Annotated Section 28-3-104, applies to Rehabilitation Act and ADA claims.  *Williams v. Trevecca Nazarene College*, 162 F.3d 1162, n.2 (6th Cir. 1998) (ADA); *Barron v. HCA, Inc.*, No. 3:05-1071, 2006 WL 2850634, at *4 (M.D. Tenn. Sept. 29, 2006) (Rehabilitation Act); *see also Southerland v. Hardaway Mgmt. Co. Inc.*, 41 F.3d 250 (6th Cir. 1994) (applying Kentucky's one-year statute of limitations for civil-rights claims to a Rehabilitation Act claim).

Applying a one-year statute of limitations, Plaintiff's allegations occurring on or after January 22, 2018 would not be time-barred; however, the remaining allegations would be barred by Tennessee Code Annotated Section 28-3-104.  Plaintiff Reid's claims that she suffered individual retaliation are based on events that are alleged to have happened between November 4, 2015 and November 7, 2015. (Compl. ¶ 23).   Thus, as none of Plaintiff Reid's allegations of individual retaliation occur after January 22, 2018 (*see* Compl. ¶¶ 53-58, 89-94), it is RECOMMENDED that this claim is time-barred.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion for Judgment on the Pleadings as to Plaintiff Janiele Reid's Individual Retaliation Claim contained in Count 5 of the Complaint be GRANTED.

**DATED** this 30th day of January, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**