# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| A.S., BY HER NEXT FRIEND AND MOTHER, JANIELE REID, and JANIELE REID, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:19-cv-02056-JTF-cgc ) |
| SHELBY CTY. BD. OF EDUC. and GREG MCCULLOUGH, in his Individual and official capacities, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Reid and A.S. filed their five-count Complaint against the above-named Defendants in this Court on January 22, 2019. (ECF No. 1.) On November 22, 2019, the Defendants filed a Motion for Judgment on the Pleadings As to Plaintiff Janiele Reid's Individual Retaliation Claim, which is now before the Court. (ECF Nos. 37 & 38.) In it, the Defendants challenge Plaintiff Reid's ("Plaintiff") individual claim of retaliation, which is Count V in the Complaint, on the basis that the claim is time-barred and should be dismissed. (ECF No. 38.) The Court referred the Defendant's Motion for Judgment on the Pleadings to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. (ECF No. 39.) The Magistrate Judge entered a Report and Recommendation ("R. & R.") on January 30, 2020, advocating that the Court grant the Defendants' Motion and dismiss Plaintiff Reid's individual claim of retaliation. (ECF No. 74.) Plaintiff filed timely objections to the R. & R. (ECF No. 79), and the Defendants

filed a timely response. (ECF No. 85.)

For the following reasons the Court finds that the R. & R. should be ADOPTED, and the Defendants' Motion for Judgment on the Pleadings should be GRANTED.

## FINDINGS OF FACT

In her R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 74, 1-3.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the

*de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

Defendants raise two primary arguments to support their position that Plaintiff Reid's individual claim of retaliation, Count V in the Complaint, should be dismissed. (ECF No. 38.) First, Defendants argue that Plaintiff Reid's individual claim of retaliation, which was originally filed under Tennessee's Government Tort Liability Act (GTLA), has essentially been re-filed by Plaintiffs as a federal claim, and is now time barred. (ECF No. 38, 4.) The Defendants contend that because the original GTLA retaliation claim is "substantively identical" to the newly filed federal claim, Tennessee's savings statute, which does not apply to GTLA claims, should not extend to the same retaliation claim now being brought under federal statutes. (*Id.*) Plaintiff makes a similar argument that her newly filed retaliation claim arises from the same transaction or occurrence as the allegations in the original complaint, but she reaches an opposite conclusion from the Defendants. Namely, Plaintiff Reid asserts that the Tennessee savings statute *should* apply because the original claim was not brought under the GTLA. Rather, Plaintiff contends that she merely "referenc[ed]" the GTLA along with other federal statutes and thus, the savings statute

3

was not barred.[1]  (ECF No. 51, 7-8.)

Notwithstanding Plaintiff Reid's arguments, which the Magistrate Judge addressed separately, the R. &. R. advises this Court not to follow the Defendants' first argument, concluding that they have offered no authority to support their assertion that Plaintiff Reid's retaliation claim under federal law should be construed as a re-filing of her previous state law claim and be time-barred as a result.  (ECF No. 74, 5.)  Upon review, the Court agrees with this conclusion and therefore adopts the Magistrate Judge's recommendation to reject the Defendant's first argument for dismissal.  Moreover, adoption of this recommendation is appropriate in the absence of any objection by the parties.  *Brown*, 47 F. Supp. 3d at 674.

The Defendants' second argument for the dismissal of Plaintiff Reid's federal retaliation claim, is that it is time-barred by the statute of limitations applicable to the ADA, 42 U.S.C. § 12101, *et seq*, and the Rehabilitation Act, 28 U.S.C. § 794.  (ECF No. 38, 5.)  Courts seeking to determine the appropriate statute of limitations for federal laws, such as the ADA and Rehabilitation Act, which do not contain a limitations period, should borrow one from the most analogous state cause of action. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012).[2] Here, the R. & R. found that Tennessee's civil-rights actions, which carry a one-year statute of limitations, are the most analogous state court action to Plaintiffs' ADA and Rehabilitation Act claims.  (ECF No. 74, 5) (citing *Williams v. Trevecca Nazarene College*, 162 F.3d 1162, n.2 (6th Cir. 1998) (ADA); *Barron v. HCA*, Inc., No. 3:05-1071, 2006 WL 2850634, at *4 (M.D. Tenn.

---

[1] Plaintiff Reid explicitly agrees with the Defendants' conclusion that "the Tennessee [s]avings [s]tatute does not toll the statute of limitations as to GTLA actions."  (ECF No. 8) (citing *Lynn v. City of Jackson*, 63 S.W. 3d 332, 337 (Tenn. 2001).

[2] This is the second of two methods used by federal courts to identify an appropriate limitations period for federal statutes that do not specify one.  The first method, which undisputedly does not apply in this case, is to impose a four-year statute of limitations on federal causes of action that arise under a law enacted after December 1, 1990. *McCormick*, 693 F.3d at 662 (citing 28 U.S.C. § 1658).

Sept. 29, 2006) (Rehabilitation Act)). Accordingly, the R. & R. recommends applying this one-year statute of limitations to Plaintiff Reid's retaliation claim, which would mean that it is time-barred because the retaliatory conduct she alleges, occurred in November of 2015—more than three years prior to the filing of Plaintiffs' January 22, 2019 Complaint. (*Id*.) The Court agrees.

Plaintiff objects to the outcome advocated by the R. &. R. but does not address the Magistrate Judge's conclusions directly. Instead, Plaintiff re-asserts many of the same arguments she raised in response to the Defendants' Motion, which center on her contention that the state savings statute should apply, and thus preserve her right to bring the subsequently filed retaliation claim. She challenges the Magistrate Judge's decision not to apply the state savings statute to her federal retaliation claim after the R. & R. found that "any subsequent re-filing of the claim[s] would require the application of the Tennessee savings statute." (ECF No. 79, 4.) (citing ECF No. 74, 4.) Plaintiff Reid offers alternative arguments to support her objection but does not point to any error in the R. & R.'s conclusion that her retaliation claim is time-barred because: 1) it was originally brought under the GTLA and thus, the state savings statute cannot be applied; and 2) it is subject to the one-year statute of limitations applicable to the ADA and Rehabilitation Act.

In her Objections, Plaintiff Reid reiterates that the Tennessee savings statute should apply because her new retaliation claim arises from the same transaction or occurrence as the original claim. (ECF No. 79, 4.) Plaintiff supports this argument by citing to the Sixth Circuit's decision in *Scott v. Mem'l Health Care Sys., Inc.*, 660 F. App'x 366, 371 (6th Cir. 2016), which held that Tennessee's saving statute "applies after a voluntary dismissal or non-suit, thus affording the plaintiff one year to refile the dismissed action." (*Id*.) (internal quotations and citation omitted). In addition, Plaintiff argues that "the most important factor" for the Court to consider is that the

5

Defendants had notice of her retaliation claim. (ECF No. 79, 5 & 7.) However, neither of these arguments overcome the uncontested fact that the savings statute cannot be applied to GTLA claims. (ECF Nos. 8, 38, 74) (collectively citing *Lynn*, 63 S.W. 3d at 337).

To overcome this bar on the state saving statute's applicability, Plaintiff re-argues in her Objections that the original retaliation claim was not brought solely under the GTLA, but merely "referenced" the GTLA along with other statutes to which the savings statute can be applied. (ECF No. 79, 6.) As the Defendants point out however, Plaintiff's original complaint only mentions the ADA and Rehabilitation Act in the "Background" section to provide context for Plaintiff A.S.'s claims related to her medical disabilities. (ECF Nos. 85, 3 & 38-1:11.) By contrast, Plaintiff cites the GTLA three times and does so most notably in the "Causes of Action" and "Damages" sections of the complaint, which state: "Plaintiff avers that the Defendants is liable for its actions [sic] . . . under the GTLA that were the direct and proximate cause of harm to the Plaintiffs. Plaintiff incorporates the allegations described herein and seeks damages under the [GTLA] against the Defendants." (ECF No. 38-1:24-25.) The Court finds, contrary to Plaintiff's argument, that the savings statute does not apply because Plaintiff Reid's original retaliation claim was brought solely under the GTLA and the reference she made to the ADA and Rehabilitation Act in the original complaint is irrelevant to this determination. *See Chase Manhattan Bank. N.A., v. CVE, Inc.*, 206 F. Supp. 2d 900, 906 (M.D. Tenn 2002) ("The gravamen of an action, or the real purpose of an action, is determined by the basis for which damages are sought.").

Plaintiff's urging for the Court to liberally construe the savings statute and apply it to her retaliation claim (ECF No. 79, 7-8) does not overcome the R. & R.'s correct determination that claims brought under the ADA and Rehabilitation Act in Tennessee are subject to the same one-

6

year statute of limitations as state civil-rights actions. (ECF No. 74, 5.) Therefore, Plaintiff Reid's individual claim of retaliation should be dismissed.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the Defendants' Motion for Judgment on the Pleadings as to Plaintiff Reid's individual claim of retaliation found in Count V of the Complaint.

**IT IS SO ORDERED** this 30th day of March 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge