# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

AUTUMN SANDERS,
and JANIELE REID,

     PLAINTIFFS,

v.

Case No: 2:19-cv-02056-JTF
JURY DEMANDED

SHELBY COUNTY BOARD OF EDUCATION,
and, GREG MCCULLOUGH,
in his individual and official capacities,

     DEFENDANTS.

## ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

Before the court, by way of Order of Reference (D.E. # 136) is Plaintiff's June 15, 2020 Motion to Compel (D.E. # 133). Defendants responded to the motion on June 29, 2020 and Plaintiffs filed their reply, with leave of Court, on July 6, 2020. (D.E. # 135, 138 and 139) On July 17, 2020, a hearing on the motion was held via Skype.

The focus of the motion to compel is the deposition of Gregory Howard, the assistant principal at Central High School. Mr. Howard's deposition was initially noticed for April 6, 2020. Due to various non-case related matters, the deposition was postponed and/or rescheduled at least four times to a June 11, 2020 setting that was agreed to by the parties. Less than a week before the deposition, Defendants' counsel contacted Plaintiffs' counsel to inform them that Mr. Howard would be traveling by automobile at the time designated for the deposition and would have to be deposed by telephone rather than by video teleconference. Further, Mr. Howard had not been provided with 588 pages of documents that Plaintiffs' counsel anticipated questioning Mr. Howard about in the course

of the deposition. The deposition was held by telephone but Plaintiff asserted in the motion that this was not satisfactory and that Defendants should be compelled to produce Mr. Howard for a teleconference video deposition and that Defendants should be ordered to pay the costs associated with re-noticing the deposition as well as the costs of filing the motion. On June 26, 2020 – after the motion was filed but before the hearing – Mr. Howard's deposition was concluded in person.

At the hearing, Plaintiffs conceded that there was no longer any need for the Court to compel Mr. Howard to be deposed as that had already taken place. However, Plaintiffs still seek sanctions, arguing that Defendants' conduct was in bad faith and warrants sanctions. Defendants respond that sanctions are not warranted as Defendants did not act in bad faith and because Mr. Howard was only questioned about one thirty-one page document out of the 588 pages that Plaintiffs contend were needed for the deposition.

Before analyzing the propriety of sanctions, there must first be a determination of whether sanctions are authorized for the alleged conduct. Plaintiffs assert that sanctions are appropriate under Federal Rule of Civil Procedure 37(d)(3) for a party's failure to attend its own deposition. Because Plaintiffs' memorandum did not discuss how Mr. Howard could be construed for the purposes of sanctions as a party, the parties were ordered to submit supplemental briefs. Plaintiffs contend that Mr. Howard is a managing agent as listed in Fed.R.Civ.P 37(d)(1)(A)(i) and therefore exposes Defendants to sanctions.

The Sixth Circuit adopted a three-factor test from the Northern District of California to determine whether a witness is a "managing agent" under Fed. R. Civ. P. 43:

> "[A] managing agent of a corporation, partnership or association is any person who:
>     1.    Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his

> principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts);
> 2. Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principals; and
> 3. Can be expected to identify himself with the interests of his principal rather than those of the other party."

*Brandon v. Art Centre Hospital (Osteopathic)*, 366 F.2d 369, 372 (6th Cir. 1966) citing *Newark Insurance Company v. Sartain*, 20 F.R.D. 583, 586 (N.D. Cal. 1957). Regarding the application of Fed. R. Civ. P. 4(h)(1), the court determined that "[A] managing agent [as] one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *John B. v. Goetz*, 879 F.Supp.2d 787, 859 (M.D. Tenn. 2010) citing *Bridgeport Music Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

Per the Plaintiff's memorandum, and the state statute it references, the duties of a principal include: "authorization to make management decisions within the school unit that are consistent with law, and SCS board policy, supervis[ing] the operation and management of the assigned facilities and personnel, and perform[ing] duties as assigned by the Superintendent or designee." D.E. # 152-1. pp2-3; Tenn. Code Ann. § 49-2-303(b)(1)-(2), (4)-(5) (2020). However, as both parties concede, there is no specific language expressly attributing these duties to the assistant principal nor indicating that assistant principals are grandfathered in under the term "principal" by either the state legislature or the Board of Education's policy. D.E. # 151, p3; D.E. # 153, pp2-3. This uncertain extent of Howard's authority prevents an accurate application of the 6th Circuit's standard under Fed. R. Civ. P. 4(h)(1) as well, because neither party has provided clarity

3

regarding the extent of his "authority to transact all business of a particular kind," in either the complaint or the memoranda. *Id.* Whereas the non-party witness in *Bridgeport Music* was a contractor with express responsibilities to secure musical contracts but limited discretion that prevented major decisions like price setting, here neither the board policy nor applicable statutes defines the boundaries between a principal and an assistant principal. D.E. # 152-1, pp2-3; Tenn. Code Ann. § 49-2-303(b)(1)-(2), (4)-(5) (2020). Thus, under the Sixth Circuit standard, Howard is not deemed a managing agent for purposes of Fed.R.Civ.P (d)(1)(A)(i) and sanctions are not available under Fed.R.Civ.P 37(d)(3).

The Motion to Compel is DENIED.

**IT IS SO ORDERED** this 28th day of October, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

4